[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10430
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00004-AW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKA KAMISSA HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 29, 2020)

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Mika Harris appeals her convictions for health care fraud, conspiracy to commit health care fraud, and money laundering. She argues that the district court abused its discretion by denying her motions for severance and mistrial. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Harris and Dr. Erik Schabert, her former husband, jointly operated Reliant Family Practice in Gainesville, Florida. Dr. Schabert was an osteopathic physician who saw patients for primary care services and osteopathic adjustments. Harris was Reliant's office manager. She also offered non-medical skincare services like microdermabrasions and facials. Harris and Dr. Schabert falsified medical records to show that patients qualified for medically necessary treatments. Harris and Dr. Schabert then billed the patients' insurance carriers for services that were either medically unnecessary or never provided. The insurance carriers paid Reliant over $4.4 million as a result. Harris then transferred the proceeds paid by the insurance carriers to her and Dr. Schabert's personal bank accounts.

Harris and Dr. Schabert were charged in a ninety-count indictment with health care fraud and conspiracy to commit health care fraud, and Harris was also charged with money laundering. They were tried together.

2

Before trial, Harris moved to sever her case from Dr. Schabert's. Harris argued that "one can easily envision" her and Dr. Schabert denying their guilt by pointing the finger at each other while "advanc[ing] defenses that are not only antagonistic toward one another, but indeed are mutually exclusive." The district court denied the motion, concluding that Harris had not demonstrated the compelling prejudice required for severance. "[T]he mere fact Harris and Schabert might . . . adopt antagonistic defenses is not sufficient, standing alone," the district court explained, "to justify severance, and Harris does not indicate how it would undermine the reliability of the jury's determination." Any prejudice, the district court said, could be cured through a limiting instruction.

Harris, in her opening statement, told the jury that Dr. Schabert committed the fraud without her knowledge. And Dr. Schabert explained in his opening that Harris was the office manager who controlled the finances, bank accounts, and billing. After the opening statements, Harris orally renewed her motion for severance (which Dr. Schabert joined). The district court construed the motion as a motion for mistrial and denied it because neither defendant showed "the type of prejudice necessary to grant a mistrial." After several witnesses testified, Harris again renewed her motion for mistrial on severance-related grounds, which the court denied because Harris had not "shown grounds that would support a mistrial." In their closing arguments, Harris and Dr. Schabert again blamed each other. Harris, for a fourth time, moved

3

for a mistrial because her trial was not severed, which the court denied because "the Eleventh Circuit has made clear that just having additional defendants sort of serving as a quasi additional prosecutor is not sufficient."

The district court instructed the jury, "[Y]ou must consider the case of each defendant separately and individually. If you find a defendant guilty of one crime, that must not affect your verdict for any other crime or other defendant." The jury, at the end of the three-week trial, found Harris and Dr. Schabert guilty on all counts.

After trial, Harris filed a written motion seeking acquittal or a new trial, rehashing the severance arguments she made during trial. In its order denying the new trial motion, the district court explained that Harris had not shown the necessary compelling prejudice to support severance under Zafiro v. United States, 506 U.S. 534 (1993).

The district court sentenced Harris to ninety months' imprisonment. Harris appeals the denial of her severance motions.

## STANDARD OF REVIEW

We review the district court's denial of motions for severance and mistrial for an abuse of discretion. United States v. Stanley, 739 F.3d 633, 651 (11th Cir. 2014).

## DISCUSSION

4

Harris argues that the district court abused its discretion in denying her motions for severance and mistrial because her and Dr. Schabert's defenses were antagonistic to the point of being mutually exclusive. We disagree.

"[D]efendants who are indicted together are usually tried together," especially in conspiracy cases. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007). "The exceptional circumstances justifying a deviation from [this] rule . . . are few and far between." United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011).

There's "a two-step test for determining whether a defendant is entitled to a new trial due to a district court's refusal to sever prior to trial or to grant a mistrial once trial has commenced." United States v. Blankenship, 382 F.3d 1110, 1122 (11th Cir. 2004). A defendant must demonstrate that (1) the joint trial prejudiced her and (2) severance was the proper remedy for that prejudice. Zafiro, 506 U.S. at 539; Blankenship, 382 F.3d at 1122. Even if prejudice is appropriately demonstrated, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. The only two circumstances in which severance is the only permissible remedy are "if there is a serious risk that a joint trial would [1] compromise a specific [constitutional] trial right of one of the defendants, or [2] prevent the jury from making a reliable judgment about guilt or innocence." Blankenship, 382 F.3d at 1122–23.

Here, Harris does not contend that she was denied a constitutional right and she does not argue that anything prevented the jury from making a reliable judgment. Her only prejudice argument is that her defense, and Dr. Schabert's, were mutually antagonistic and exclusive. But mutually antagonistic defenses are not necessarily prejudicial and without more do not require severance:

> [C]o-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a jury to believe both co-defendants' defenses. . . . The fact that a defendant or his attorney is a de facto prosecutor who will shift blame from himself to co-defendants does not justify severance.

Id. at 1125–26 (alterations adopted) (quotation marks omitted). Other than mutually antagonistic defenses, which are not enough, Harris fails to "articulate any specific instances of prejudice," Zafiro, 506 U.S. at 539, and does not explain why her conspiracy case is an "exceptional" one justifying a deviation from the rule that defendants charged with a conspiracy should be tried together. Lopez, 649 F.3d at 1234.

To the extent there was any prejudice, the district court cured it with its instructions that the jury "must consider the case of each Defendant separately and individually. If you find the Defendant guilty of one crime, that must not affect your verdict for any other crime or other Defendant." See Zafiro, 506 U.S. at 541 (declaring that similar instructions cured any possibility of prejudice). The district

6

court did not abuse its discretion when it denied Harris's motions for severance and

for mistrial.

**AFFIRMED.**